IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 29 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00683-BNB

CHRISTOPHER J. GREY,
  Plaintiff,

v.

BILL RITTER, Governor of Colorado, et al.,
  Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Christopher J. Grey, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Grey has filed *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated. The court must construe the complaint liberally because Mr. Grey is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Grey will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. First, it is not clear who the Defendants in this action are. Mr. Grey lists only one Defendant in the caption of the complaint. However, he lists a total of twenty named Defendants in Section A of the complaint, the section that describes the parties to the action. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[i]n the complaint the title of the action shall include the names of all the parties."

Furthermore, assuming Mr. Grey does intend to assert claims against all twenty of the Defendants listed in Section A of the complaint, he fails to allege facts to demonstrate that each Defendant listed in Section A personally participated in the asserted constitutional violations. Many of the individuals listed as Defendants in Section A are not mentioned again anywhere in the complaint.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Grey must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

For these reasons, Mr. Grey will be directed to file an amended complaint to clarify who he intends to sue in this action and to allege facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Mr. Grey is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Mr. Grey should name as Defendants in the amended complaint the individuals he believes actually violated his constitutional rights.

Finally, Mr. Grey has filed a number of motions in this action that must be addressed. The "Motion for Extension of Time and Clarification of Rule" filed on May 9, 2007, will be denied as moot. Mr. Grey is not required to submit exhibits in support of his complaint. The "Motion for Service of Process" filed on May 9, 2007, and the "Motion for Appointment of Counsel" filed on May 21, 2007, will be denied as premature. Accordingly, it is

ORDERED that Mr. Grey file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Grey, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Grey fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion for Extension of Time and Clarification of Rule" filed on May 9, 2007, the "Motion for Service of Process" filed on May 9, 2007, and the "Motion for Appointment of Counsel" filed on May 21, 2007, are denied.

DATED May 29, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-00683-BNB

Christopher J. Grey
Prisoner No. 109069
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 4
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/29/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk